BYE, Circuit Judge,
dissenting.
I believe Carol Mack is entitled to have a jury determine whether the use of pain pumps in articular joints presented a foreseeable risk of harm at the time of her August 2002 shoulder surgery. I therefore respectfully dissent.
As the court acknowledges, the issue of foreseeability under Minnesota law is reserved for the jury’s determination in “close cases.” Ante at 850 (quoting Domagala v. Rolland, 805 N.W.2d 14, 27 (Minn. 2011)). In Huggins v. Stryker Corp., 932 F.Supp.2d 972 (D.Minn.2013), a federal district court addressed a similar claim involving a February 2002 surgery date and determined “a jury could reasonably find by a preponderance of the evidence that Stryker should have known the risks of intra-articular pain pump use [in February 2002].” Id. at 990. In denying Stryker’s motion for summary judgment, the court noted that Minnesota requires the issue of foreseeability to be submitted to the jury in “close cases.” Id. at 986.
Significantly, the medical literature at issue in Huggins is essentially the same medical literature at issue in this case. See id. at 978-79 & n. 4 (involving ten of the same twelve published studies dating between 1933 and 1999 which were relied upon by Mack’s experts). The district court indicated cases “across the country” have addressed whether pain pump manufacturers such as Stryker knew or should have known intra-articular pain pump use could cause cartilage damage based on the existing medical literature, and noted the courts “have confronted this issue with inconsistent results.” Id. at 986-87 (citing cases where summary judgment has been both granted and denied). In addition to Huggins, summary judgment has been denied in several cases involving surgery dates comparable to Mack’s August 2002 surgery. See Hackett v. Breg, Inc., Civ. No. 10-1437, 2011 WL 4550186, at *1 (D.Colo. Oct. 3, 2011) (involving an April 3, 2002, surgery date); Creech v. Stryker Corp., No. 2:07CV22 DAK, 2012 WL 33360 at *1 (D.Utah Jan. 6, 2012) (involving six surgeries between February 2003 and July 2004); Kildow v. Breg, Inc., 796 F.Supp.2d 1295, 1298 (D.Or.2011) (involving surgeries *857 in July 2003 and March 2004).[8] Huggins also noted “multiple juries have found that the risks were foreseeable” when the jury was allowed to consider the issue. See Huggins, 932 F.Supp.2d at 987 (citing the final judgment in Hackett, and Beale v. I-Flow Corp., No. 0801-01554 (Or. Cir. Ct. Multnomah Cnty. Dist. Jan. 22, 2010)).
Given the inconsistent decisions reached on the issue of foreseeability by both reasonable judges and reasonable jurors, I fail to see how we can conclude Mack’s claim on foreseeability is anything but a “close case.” Minnesota law thus allows her to have a jury decide her claim. I therefore disagree with our decision to affirm the grant of summary judgment in favor of Stryker. I would reverse the district court and remand this “close case” for a jury trial.

. The slight difference in surgery dates is immaterial where the majority of the medical literature at issue was published by 1999.